IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff(s)**<br><br>v.<br><br>JONATHAN NUNEZ-TORRES,<br><br>**Defendant(s)** | **CRIMINAL NO.** 07-277 (JAG) |

**MEMORANDUM AND ORDER**

GARCIA-GREGORY, D.J.

Pending before the Court are two motions to suppress filed by defendant Jonathan Nunez-Torres ("defendant") claiming that evidence seized as a result of an intervention originated by a traffic stop for failure to wear a seatbelt while driving a motor vehicle, as well as statements made by him to police officers in connection to the intervention, should be suppressed. (Docket Nos. 14 and 30). The motions to suppress were referred by the Court to Magistrate Judge Camille Velez Rive for report and recommendation. (Docket Nos. 15, 16).  After holding a hearing, the Magistrate Judge issued a Report and Recommendation on February 13, 2008 recommending that the Court deny defendant's motions. (Docket No. 45).  Defendant duly filed objections to the Report and Recommendation on March 12, 2008 (Docket No.  48) and the Government filed a response in support of the Magistrate Judge's conclusions on March 25, 2008 (Docket No. 49).

Criminal No. 07-277 (JAG)                                                    2

Upon <u>de novo</u> review of the Magistrate Judge's Report and Recommendation, the Court finds no reason to depart from the Magistrate Judge's recommendations and accordingly **DENIES** the motions to suppress.

## DISCUSSION

### I. Standard of Review

A district court may, on its own motion, refer a pending matter to a United States Magistrate Judge for a report and recommendation. <u>See</u> 28 U.S.C. §636(b)(1)(B); Fed.R.Civ.P. 72(b); Rule 503, Local Rules, District of Puerto Rico. Pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 510.2, the adversely affected party may contest the report and recommendation by filing written objections "[w]ithin ten days of being served" with a copy of the order. 28 U.S.C. § 636(b)(1). Since timely objections to the report and recommendation have been filed, the Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. <u>See</u> <u>United States v. Raddatz</u>, 447 U.S. 667, 673 (1980); <u>Lopez v. Chater</u>, 8 F.Supp.2d 152, 154 (D.P.R. 1998).

### II. Magistrate Judge's Findings

After holding an evidentiary hearing on the motions to suppress, the Magistrate Judge found that the following was the most probable version of the events that led to defendant's arrest. On June 17, 2007 at 2:20 am, Puerto Rico Police Department ("PRPD") officer Jonathan Hernandez-Cuevas ("Hernandez"), along with PRPD

Criminal No. 07-277 (JAG)                                               3

officer Sonia Mercado, was making preventive rounds in the area of Catano in a marked Ford Explorer patrol vehicle.  PRPD officer Hernandez was driving in Las Nereidas Street, La Puntilla Sector in Catano when he noticed a Ford Taurus vehicle in which the driver was not wearing his seatbelt.  The vehicle was a four door car with the windows rolled down; only one passenger occupied the vehicle.  The Ford Taurus passed the patrol car on the right hand side and, then, passed in front of the patrol car.  The patrol car followed the Ford Taurus and proceeded to stop the vehicle.  PRPD officer Hernandez stepped out of the patrol car, approached the driver of the Ford Taurus and requested the driver's license and vehicle's registration. The driver, later identified as the defendant, handed the documents to PRPD officer Hernandez, who verified them.  PRPD officer Hernandez then walked in front of the Ford Taurus to verify on the windshield whether the number in the tag ("marbete") was the same as the number in the vehicle's registration.  When PRPD officer Hernandez was verifying the tag number, he observed at plain view that defendant had, on the right side of his waist, a nickel plated magazine with a black handle of a gun.  Then, PRPD officer Hernandez approached defendant and asked him to get out of the vehicle. Defendant complied and PRPD officer Hernandez seized defendant's weapon for the officers' safety and requested the license for the firearm.  Defendant indicated he did not have a license.

    PRPD officer Hernandez read defendant his rights and placed him under arrest.  Then,  for the safety of those present, PRPD officer

Criminal No. 07-277 (JAG)                                                4

Hernandez patted down defendant.  Upon doing so, PRPD officer Hernandez found $64.00 in cash in different denominations in defendant's front left pocket and in his back right pocket, a Ziplock type plastic bag with a pressure seal containing several cylinder containers with black caps which had a granulated powder believed to be cocaine inside, as well as a plastic square box containing inside 6 pink pills with numbers and letters.  Defendant was placed in the patrol car.

On July 24, 2007, defendant was interviewed.  During the interview, defendant was read his rights and warnings.  These rights and warnings were also provided to defendant in a written form in the Spanish language, even though he stated that he understood English. Defendant signed the form.  After the rights were read to him and defendant waived them, he indicated he wanted to make some statements.  Defendant stated he had paid $2,000.00 for the weapon.  When asked why he spent so much money, defendant indicated the weapon was altered to shoot fully automatic as a machine gun and that a machine gun costs more than a semi-automatic weapon.

III. <u>Defendant's Objections to Report and Recommendation</u>

In his objection to the Magistrate Judge's Report and Recommendation, defendant first argues that not wearing a seat belt is an "administrative fault" under Puerto Rico law and that therefore, it does not give way to the articulable suspicion of criminal activity required for a investigative stop according to

Criminal No. 07-277 (JAG)                                              5

<u>Terry v. Ohio</u>, 392 U.S. 1, 88 (1968). Defendant is mistaken in his analysis.

Defendant was initially pulled over because he was admittedly not wearing a seat belt, a traffic violation. Defendant concedes that it was permissible for PRPD officer Hernandez to stop his vehicle and investigate whether he was in fact driving without a seat belt. No search was conducted based on the traffic infraction. The search that ensued was triggered by subsequent events; specifically, PRPD officer Hernandez's observation at plain view that defendant was in possession of a weapon and his coming to know that defendant did not have a license for it. As such, the search of defendant's car and his person should be analyzed taking into consideration those circumstances. Limiting our analysis to the initial traffic stop, the Court concurs with the Magistrate Judge in that the totality of the circumstances gave the PRPD officers sufficient reasonable suspicion to pull defendant over.

Defendant also argues that the Magistrate Judge erred in according credibility to one of the government's witnesses, PRPD officer Hernandez, regarding the events that took place on the day of defendant's arrest. Defendant pinpoints several facts in PRPD officer Hernandez's testimony which are inconsistent with facts in defendant's testimony. Furthermore, defendant argues that the Government did not meet the burden of proof required to survive a motion to suppress, stating that such motion should be decided in

Criminal No. 07-277 (JAG)                                                      6

his favor because there are two differing testimonies concerning critical facts. The Court disagrees.

After hearing the testimonies of the government's witnesses, PRPD officer Hernandez and SA Nunez, as well as defendant's testimony, the Magistrate Judge determined that the most complete and trustworthy version of the facts was the one contained in her Report and Recommendation and summarized above. The Court will not tamper with the credibility determinations made by the Magistrate Judge. See United States v. Raddatz, 447 U.S. 667, 681 n. 7 (noting that when the issue involves credibility, it is unlikely that a district judge would reject the magistrate's views and substitute his own appraisal); United States v. Hernandez-Rodriguez, 443 F.3d 138, 148 (1st Cir. 2006)(holding that a district court may not reject a magistrate judge's findings as to the credibility of a witness without hearing the witness testify first hand); National Railroad Passanger Corp. v. Koch Industries Inc., 701 F.2d 108, 111 (10th Cir. 1983)(holding that "only in a rare case should a district judge resolve credibility choices in a manner contrary to recommendations of magistrate who heard witnesses' testimony").

As to the objection regarding burden of proof, the Court finds that the government has indeed met its burden regarding the legality of the stop and the search in this case. PRPD officer Hernandez's testimony is sufficient proof of what took place on the day of defendant's arrest. Contrary to what defendant would have the Court conclude, the existence of two differing testimonies does not

Criminal No. 07-277 (JAG)                                                    7

mandate that the issue in controversy be decided against the government. Defendant is mistaken in stating that his version of the facts is equally probable than PRPD officer Hernandez's version of the facts. Faced with conflicting stories, the Magistrate Judge awarded more credibility to the one offered by PRPD officer Hernandez. That finding, which the Court will not tamper with, tilts the balance in favor of the government and consequently leads to deeming the government's case proven by a preponderance of the evidence.

Next, defendant objects to the Magistrate Judge's finding that adoption of defendant's testimony would not alter her conclusions regarding the motion to suppress. Defendant argues that his version of the events shows that PRPD officer Hernandez's actions after stopping defendant's car were impermissibly excessive; that the only thing that he should have done was issue defendant a traffic ticket for not wearing his seat belt. It is defendant's contention that there was no basis for expanding the purpose of the traffic stop to issue a seat belt violation ticket into a criminal investigatory stop. However, defendant ignores the fact that upon stopping defendant's vehicle, PRPD officer Hernandez observed in plain view that defendant was in possession of a weapon and that when asked, defendant stated that he did not have a license for the weapon. As stated above, the ensuing search was based on those events, so defendant's argument is without merit. Moreover, the Magistrate Judge's expression that the adoption of defendant's testimony would

Criminal No. 07-277 (JAG)                                                    8

not alter her conclusion in finding for the Government on the issue of suppression is fully supported by a record that shows that defendant, even though he gave a version which conflicted with certain facts in PRPD officer Hernandez's version, admitted to the facts material to the issue before the Court.  Among other things, defendant admitted that he did not have the seat belt on; that he received a traffic ticket; that a weapon was found in the car; that the weapon was fully automatic; that crack cocaine was found in the trunk of his car; and that he paid $2,000.00 for the weapon.  As the Magistrate Judge concluded, the only disagreement between PRPD officer Hernandez's testimony and that of defendant, by defendant's own admissions, is where the seized weapon and drugs were found because PRPD officer Hernandez testified the weapon and drugs were found on defendant's person and defendant's version is that these items were found in his car.  Accordingly, PRPD officer Hernandez and defendant coincide in that, at the time defendant's vehicle was stopped, he was not wearing the seat belt and a weapon and illegal drugs were found.

   Defendant's next objects to the Magistrate Judge's finding that "the officers initially observed defendant in possession of an illegal loaded fully automatic weapon and controlled substances," stating that what PRPD officer Hernandez testified was that he stopped defendant because he suspected that he was not wearing a seat belt.  Defendant is correct in his restatement of PRPD officer Hernandez's testimony.  However, when put in context, what the

Criminal No. 07-277 (JAG)                                                9

Magistrate Judge seems to have meant with the above quoted language is that after the initial traffic stop, the officer saw defendant in possession of a weapon and when padded down, also found controlled substances in his possession. The Magistrate Judge stated the quoted language when discussing defendant's argument that an illegal warrantless search of his vehicle was conducted. The legality of a warrantless search in this case is established by the initial observation at plain view of an illegal weapon and subsequent discovery of controlled substances. Accordingly, with the word "initial," the Magistrate Judge did not mean the first interaction of the officers with defendant regarding the seat belt, but the trigger of the search. Therefore, the apparent contradiction is without consequence.

Finally, defendant objects to the Magistrate Judge's finding that statements provided by defendant when interviewed should not be suppressed. Defendant argues that the statements he gave were the product of an illegal search and seizure; that his confession of ownership of the gun was obtained through the exploitation of that illegality. This objection fails since the Court has concluded that the search and seizure that took place in this case was legal and the uncontested evidence presented at the suppression hearing shows that defendant willfully confessed to ownership of the gun seized from him after waiving his legal rights. Accordingly, defendant's statements are not to be suppressed.

Criminal No. 07-277 (JAG)                                           10

    For the reasons set forth in the Report and Recommendation, the Court finds that the traffic stop and the subsequent searches of defendant and his vehicle were legal. Additionally, the post-arrest statements made by the defendant were made voluntarily and upon a waiver of his legal rights. The evidence seized from and the statements made by the defendant is admissible under the findings of the Report and Recommendation and applicable law.

    Accordingly, the Court **ADOPTS** the Report and Recommendation in its entirety and **DENIES** defendant's motions to suppress.

    IT IS SO ORDERED.

    In San Juan, Puerto Rico, this 18th day of April, 2008.

                                 S/Jay A. Garcia-Gregory
                                 JAY A. GARCIA-GREGORY
                                 United States District Judge