IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

JONATHAN D. NUÑEZ-TORRES,

Defendant.

CRIMINAL NO. 07-277 (JAG)

**REPORT AND RECOMMENDATION**

Defendant Jonathan D. Nuñez-Torres was charged in all Counts of a four (4) counts Indictment and he agreed to plead guilty to Counts One and Two. Count One charges that, on or about June 17, 2007, in the District of Puerto Rico and within the jurisdiction of this Court, the defendant Jonathan D. Nuñez-Torres, did knowingly and intentionally, possess with intent to distribute, a detectable amount of a mixture or substance containing cocaine base, a Schedule II, Narcotic Drug Controlled Substance; all in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(c). Count Two charges that, on or about June 17, 2007, in the District of Puerto Rico and elsewhere and within the jurisdiction of this Court, the defendant Jonathan D. Nuñez-Torres, did knowingly and intentionally, possess a firearm or ammunition to wit: a fully automatic Smith & Wesson 9mm caliber, model 6906, serial number VAA6861, a "machine gun" as defined in Title 26, United States Code, Section 5845(b), with an extended thirty (30) round capacity magazine, loaded with twenty (20) rounds of ammunition, during and in relation to the commission of a drug trafficking crime punishable under the Controlled Substances Act in violation of Title 21, United States Code, Sections 841(a)(1), involving possession with intent to distribute controlled substances as alleged in Count One herein, as defined in Title 18, United

<u>United States of America v. Jonathan D. Nuñez-Torres</u>
Criminal No. 07-277 (JAG)
Report and Recommendation
Page No. 2

<u>States Code</u>, Section 924(c)(2), which may be prosecuted in a Court of the United States. All in violation of Title 18, <u>United States Code</u>, Section 924(c)(1)(A) and (B)(ii)[1].

Defendant appeared before this Magistrate Judge on July 16, 2008, since the Rule 11 hearing was referred by the Court. Defendant was provided with a Waiver of Right to Trial by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.

The parties stipulated that the defendant will be held accountable for the possession of a firearm in furtherance of a drug trafficking offense, in violation of Title 18, <u>United States Code</u>, Section 924(c)(1)(A)(i) and (2).

Defendant indicated and confirmed his intention to plead guilty to Counts One and Two of the Indictment, upon being advised of his right to have said proceedings before a district judge of this court.[2] Upon verifying through defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

---

[1] Counsel for the government request the Indictment be amended under Federal Rule of Criminal Procedure 7 to add the word "and" between Section 924(c)(1)(A) **and** (B)(ii) which was omitted due to a clerical error. The amendment was granted without objection of defendant and taking into consideration the amendment does not prejudice the defendant nor misleads him.

[2] The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

<u>United States of America v. Jonathan D. Nuñez-Torres</u>
Criminal No. 07-277 (JAG)
Report and Recommendation
Page No. 3

     Having further advised defendant of the charges contained in above-stated Counts One and Two, he was examined and verified as being correct that: he had consulted with his counsel, Raymond Rivera-Esteves, prior to the hearing for change of plea, that he was satisfied with the services provided by his legal representative and had time to discuss with him all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Indictment and the charge therein, his constitutional rights and the consequences of the waiver of same.

     Defendant was specifically appraised by this Magistrate Judge that, upon withdrawing his initial plea of not guilty and now entering a plea of guilty to the charge specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict. He was also waiving his right to be presumed innocent and for the government to meet the obligation of establishing his guilt beyond a reasonable doubt. Furthermore, he was waiving his right during said trial to confront the witnesses who were to testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf. He was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically appraised of his right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact if he decides not to testify. Defendant was also explained his right not to incriminate himself; that upon such a waiver

of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel, Attorney Rivera-Esteves, indicated he freely and voluntarily waived those rights and understood the consequences. During all this colloquy, defendant was made aware that he could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

Defendant expressed his understanding of the penalties prescribed by statute for the offenses as to which he was pleading guilty. The statutory penalty for the offense charged in Count One is a term of imprisonment of not more than twenty (20) years, a term of supervised release of at least three (3) years, and a fine not to exceed two million dollars ($2,000,000.00). The statutory penalty for the offense charged in Count Two of the Indictment, a violation of Title 18, United States Code, Section 924(c)(1)(B)(ii), is a consecutive statutory minimum sentence of not less than thirty (30) years of imprisonment, a supervised release term of not more than five (5) years and a fine not to exceed two hundred and fifty thousand dollars ($250,000.00).

However, for the purpose of this plea agreement the parties hereby stipulate that the defendant will be held accountable for the possession of a firearm in furtherance of a drug trafficking offense, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i) and (2), which carries a penalty of not less than five (5) years of imprisonment, a supervised release term

of not more than five (5) years and a fine not to exceed two hundred and fifty thousand dollars ($250,000.00). Defendant was explained this five (5) years are consecutive to the term to be imposed in Count One.

Defendant was informed he shall pay a special monetary penalty assessment of one hundred ($100.00), per count of conviction.

Having ascertained directly from defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get him to plead guilty, the document entitled "Plea Agreement pursuant to Rule 11(c)(1)(A) and (B) FRCP" ("the Agreement") was shown to defendant, verifying his signature and initials on each and every page.

Pursuant to said Agreement, and insofar as Count One, as to which defendant already was aware of the maximum possible penalties, defendant was appraised that it was up to the sole discretion of the sentencing court what the sentence to be imposed on him will be. Defendant was specifically informed that if the sentencing court were to impose a sentence which turned out to be higher or more severe than the one he might be expecting, for said reason alone, defendant would have no grounds for the court to allow him to withdraw his plea of guilty.

The above-captioned parties' estimate and agreement that appears on page four (4), paragraph seven (7) of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained. Pursuant to U.S.S.G. § 2D1.1(9) (at least 4 grams but less than 5 grams of cocaine base), the Base Offense Level is of Twenty-Two (22). Pursuant to U.S.S.G. § 3E1.1, the Base Offense Level shall be reduced by three (3) levels, for

acceptance of responsibility, for a Total Offense Level of Nineteen (19).  There is no stipulation as to defendant's Criminal History Category.  However if he is in Criminal History Category I, the sentencing range is of thirty (30) to thirty-seven (37) months of imprisonment; if he is in Criminal History Category II, the sentencing range is of thirty-three (33) to forty-one (41) months of imprisonment; if he is in Criminal History Category III, the sentencing range is of thirty-seven (37) to forty-six (46) months of imprisonment; and if he is in Criminal History Category IV, the sentencing range is of forty-six (46) to fifty-seven (57) months of imprisonment.

As part of the written Agreement, the government, the defendant, and his counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

Pursuant to paragraph eight (8), the parties agree to recommend to the Court, that the defendant be sentenced to the lower end of the applicable sentencing guideline for Count One, and the statutory minimum term of imprisonment of five (5) years for Count Two to be served consecutively with the term to be imposed in Count One.

The United States and the defendant agree that no further adjustment or departures to the defendant's adjusted offense level shall be sought by the parties.  The parties agree that any recommendation for a different term of imprisonment would constitute a material breach of the plea agreement.

At the time of sentencing the United States will request the dismissal of the remaining counts in the Indictment.

United States of America v. Jonathan D. Nuñez-Torres
Criminal No. 07-277 (JAG)
Report and Recommendation
Page No. 7

Defendant was specifically informed that the above sentencing calculations were not binding for the sentencing court, but were only estimates of possible terms of his sentence, which may always be imposed, at the sole discretion of the court, up to the maximum penalties allowed by statute, and dependent upon the information and verification thereof of the pre-sentence report that the court would have before it at the time of imposition of the sentence.

The government presented to this Magistrate Judge and to defendant, assisted by his counsel, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously discussed between the two. Defendant was able to understand this explanation and agreed with the government's submission. Defendant was also read and shown a written document entitled Statement of Facts, which had been signed by defendant and his counsel and is attached to the Agreement, wherein the signature of counsel for the government also appears.

Defendant was explained that the Agreement with the government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which defendant, his attorney and the government, have entered.

Having once more ascertained that defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the advisory Sentencing Reform Act and that any sentence

United States of America v. Jonathan D. Nuñez-Torres
Criminal No. 07-277 (JAG)
Report and Recommendation
Page No. 8

of imprisonment would be served, without him being released on parole. Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to him, to his counsel and to the government, so that they be allowed to correct or object to any information contained in said report which was not accurate. Depending on the facts found by the court at the time and the sentence imposed, both defendant and the government may appeal the sentence of the court.[3]

Defendant was read in open court Counts One and Two of the Indictment, and was provided an opportunity to see and examine same, indicating he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Count One was what he had done and to which he was pleading guilty during these proceedings. Thereafter, defendant expressed in no uncertain terms that he agreed with the government's evidence as to his participation in the offense. Thereupon, defendant indicated he was pleading guilty to Counts One and Two of the Indictment in Criminal No. 07–277 (JAG).

This Magistrate Judge after having explained to the defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Counts One and Two of the Indictment in Criminal No. 07-277 (JAG).

---

[3] The right to appeal is subject to certain limitations allowed by law since the Agreement also includes in paragraph nineteen (19) a waiver of appeal. Defendant stated having discussed the waiver of appeal with his counsel and understanding the consequences of the same.

<u>United States of America v. Jonathan D. Nuñez-Torres</u>
Criminal No. 07-277 (JAG)
Report and Recommendation
Page No. 9

**IT IS SO RECOMMENDED.**

The sentencing hearing will be promptly schedule, before Honorable Jay A. García-Gregory, District Court Judge.

San Juan, Puerto Rico, this 18th day of July of 2008.

>  s/ CAMILLE L. VELEZ-RIVE
>  CAMILLE L. VELEZ-RIVE
>  UNITED STATES MAGISTRATE JUDGE